## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW E. BOLLER, | ) | |
| | ) | |
| Claimant-Below, | ) | |
| Appellant, | ) | C.A. No. K17A-09-002 WLW |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | |
| TIP TOP TRIM SHOP, | ) | |
| | ) | |
| Employer-Below, | ) | |
| Appellee. | ) | |

Submitted: March 12, 2018
Decided: June 6, 2018

## ORDER

Upon Appeal from the Decision of the
Industrial Accident Board.
*Remanded*

Walter F. Schmittinger, Esquire and Candace E. Holmes, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware, attorneys for Claimant-Appellant.

H. Garrett Baker, Esquire of Elzufon, Austin & Mondell, P.A., Wilmington, Delaware, attorney for the Employer-Appellee.

WITHAM, R.J.

Before the Court is Claimant-Appellant, Matthew Boller's (hereinafter, the "Claimant"), appeal from a decision of the Industrial Accident Board (hereinafter, the "Board"). Having carefully reviewed the parties' submissions, as well as the record below, it appears that:

1. The Claimant is the sole employee and owner of Tip Top Trim Shop, Inc. (hereinafter, the "Employer"), an upholstery business.

2. On January 28, 2015, the Claimant filed a First Report of Injury or Disease with the Delaware Department of Labor's Office of Workers' Compensation. The Claimant alleged that he was suffering "great pain" in both his wrists and thumbs. The Claimant attributed the pain to years of pulling material, using scissors, and lifting seats.

3. On September 15, 2015,[1] the Claimant filed a Petition to Determine Compensation Due (hereinafter, the "Petition") with the Industrial Accident Board seeking compensation for injuries to his thumbs that he suffered as a result of his employment.

4. On May 24, 2017, the Board denied the Petition as untimely since, according to the Board, it was filed more than one year after the triggering of the statute of limitations.

5. On August 9, 2017, the Board clarified that, although it should have applied a two-year limitations period, the Petition was still denied as untimely

---

[1] Although the Board's decision stipulates that the Claimant filed the Petition on September 20, 2015, the Court notes that a copy of the Petition provided to the Court is stamped as being received on September 15, 2015.

because the "Claimant's thumb symptoms began many years before he submitted the First Report of Injury to [his] insurance carrier and more than two years before he filed the Petition." Therefore, the Board found that the "Claimant 'should have recognized the nature, seriousness and probable compensable nature of the injury or disease' more than two years before filing the Petition . . . ."

6. On September 8, 2017, the Claimant appealed the Board's decision to this Court, challenging numerous findings made by the Board.

7. Before the Court can reach the merits of the Claimant's Appeal, however, the Court finds that it is necessary for the Board to clarify its application of the three *Geroski* factors.[2]

8. According to the Delaware Supreme Court in *Geroski*, the Board must determine the date when a claimant, as a reasonable person, should have recognized the (1) nature, (2) seriousness, and (3) probable compensable nature of the claimant's injury or disease.[3] These determinations are factually intensive, requiring a careful consideration of the testimony and evidence presented to the Board. Most importantly, each component must be present to determine the triggering date of the statute of limitations, since the limitations "clock" is not triggered until a claimant recognizes all three components.[4]

9. In this case, although the Board listed the three *Geroski* factors, the Board

---

[2] *Geroski v. Playtex Family Products*, 1996 WL 69770 (Del. Jan. 24, 1996) (TABLE).

[3] *Id.* at *1 (citation omitted).

[4] *Wright v. United Med. & Home Health, Inc.*, 2002 WL 499889, at * 2 (Del. Super. Mar. 21, 2002).

failed to *precisely* address why the Claimant should have recognized the seriousness of his thumb condition more than two years before filing the Petition.[5] The case is therefore **REMANDED** to the Board to address this issue.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLWJr./dsc

---

[5] The analysis is both mandatory and important in this case since cumulative injuries, like the Claimant's, typically progress to a certain degree of severity before the injury is actually compensable. *See Wright*, 2002 WL 499889 (where the Court remanded the Board's decision to address the second *Geroski* factor because, even though the claimant was diagnosed with carpal tunnel syndrome in 1991, the evidence indicated that the claimant's condition was likely not compensable until her condition worsened in 2000).